SUMMARY ORDER

Petitioner Dian Fei Jiang, a native and citizen of the People’s Republic of China, seeks review of a January 30, 2008, order of the BIA, affirming the April 28, 2006, decision of Immigration Judge (“IJ”) Helen Sichel, in which the IJ denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Dian Fei Jiang, No. A98 715 486 (B.I.A. Jan. 30, 2008), aff'g No. A98 715 486 (Immig. Ct. N.Y. City Apr. 28, 2006).
Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ’s decision as the final agency determination, see Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep’t of Justice, 362 F.3d 155, 159 (2d Cir.2004), deferring to findings of fact, including adverse credibility determinations, that are supported by substantial evidence, see 8 U.S.C. § 1252(b)(4)(B); Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). In conducting our review, we assume the parties’ familiarity with the underlying facts and procedural history in this case.
Jiang principally contends that the IJ’s adverse credibility finding is not supported by substantial evidence because the record reflects that he provided credible, detailed, and consistent testimony.
We are not persuaded. The IJ’s adverse credibility determination was supported by her findings that Jiang (1) testified in a “stilted and hesitant” manner suggestive of a scripted account, In re Dian Fei Jiang, No. A98 715 486 (Immig. Ct. N.Y. City Apr. 28, 2006), at 9; (2) testified implausibly regarding the circumstances of his release from prison; (3) failed to recall how long a friend and fellow Falun Gong practitioner stayed with his family, even though that friend’s stay put the family at great risk; and (4) failed to corroborate his otherwise incredible account because the purportedly corroborative letters he supplied suspiciously duplicated each other. While Jiang attempts to offer plausible explanations for the identified inadequacies, it is not our task to “ ‘hypothesiz[e] excuses’ ” or “ ‘justify[ ] contradictions.’ ” Majidi v. Gonzales, 430 F.3d 77, 80, 81 (2d Cir.2005). Nor is there reason for us to question the IJ’s observance of the “commonsensical notion that striking similarities between affidavits are an indication that the statements are ‘canned.’ ” Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 524 (2d Cir.2007). Rather, because the IJ provided “‘specific’ ” and “ ‘cogent’ ” reasons for her record-supported credibility findings, there is no basis for us to disturb them. Majidi v. *687 Gonzales, 430 F.3d at 80 (explaining that “exceedingly narrow” scope of our review “ensure[s] merely that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice” (internal quotation marks omitted)).
Because Jiang’s asylum, withholding-of-removal, and CAT claims depended on the same factual predicates, the IJ’s adverse credibility determination extended to and foreclosed the availability of each. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED.